IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joan Marie Collins, | ) | C/A No.: 1:20-320-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Andrew M. Saul, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees. [ECF No. 21]. On September 28, 2020, the court reversed the Commissioner's decision that had denied Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 19]. Plaintiff then filed and documented a request totaling $3,173.59 for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA"). [ECF No. 21]. The Commissioner filed a response in support of Plaintiff's motion. [ECF No. 22]. Accordingly, the court grants the motion and directs the Commissioner to pay Plaintiff $3,173.59. Plaintiff also requests the court award "any administrative fee that may be due . . . for continued litigation at the Administrative level under the applicable statutes and regulations." [ECF No. 21 at 4]. The court declines to award any additional costs or expenses, as 28 U.S.C. § 2412 limits reimbursement to costs and expenses incurred by the

prevailing party in the civil action. Plaintiff has not alleged she incurred expenses in the civil action or provided an itemized list of expenses incurred, as required pursuant to 28 U.S.C. § 2412(d)(1)(B). Therefore, payment of $3,173.59 shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fee to be made payable to Plaintiff and mailed to the business address of Plaintiff's counsel.[1]

IT IS SO ORDERED.

*Shiva V. Hodges*

October 22, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[1] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.